Case 4:26-cv-00265   Document 5   Filed 02/06/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE LEE HOLMES III, | § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00265 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Freddie Lee Holmes, III is a pre-trial defendant facing misdemeanor charges in Brazos County. *See* Doc. No. 1. He has filed a petition for habeas corpus to challenge the state court's jurisdiction over him. *Id.* After reviewing the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for reasons set forth below.

**I.   BACKGROUND**

According to the pleadings and public records, Holmes is out on bond awaiting trial for two misdemeanor drug charges. Holmes states that he was pulled over for lacking insurance on his vehicle. He claims that the officer who approached his vehicle stated that he smelled marijuana and then conducted a search of his car without his consent. He alleges that the officer claimed to find marijuana and five pills that the officer thought could be fentanyl or methamphetamine. He was charged with possession of both substances.

Holmes seeks habeas relief, alleging that the state does not have jurisdiction over him because he is "not a corporate entity, not a U.S. citizen, person, individual, or any other legal fiction or debtor" but that he is "a natural-born, private, living being standing under divine and natural law." Doc. No. 1-1 at 2. As such, he claims that he is "not subject to any codes, statutes, policies, or corporate regulations of municipal, state, or federal entities unless I voluntarily contract into such jurisdiction." *Id.* He claims that Brazos County has no jurisdiction to prosecute him because he has never consented to contract with any municipality or other government.

## II.  DISCUSSION

This case is frivolous because Holmes seeks to avoid prosecution through a meritless legal theory. Holmes is attempting to challenge his upcoming prosecution based on a sovereign citizen-type claim, which "has no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *see also Berman v. Stephens*, Civil No. 4:14-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (finding that a prisoner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases). He reasons that no government has jurisdiction to hold him accountable for his actions through laws or regulations. Holmes resides and remains on Texas soil, subjecting himself to Texas jurisdiction, to the duly enacted laws of this State, and to the consequences of violating those laws. His habeas is denied as frivolous.

Even if Holmes had stated a nonfrivolous issue with his pretrial proceedings, he has not properly exhausted his state remedies before coming to federal court. As a pre-trial defendant seeking a federal writ of habeas corpus, Holmes's petition is governed by 28 U.S.C. § 2241, which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state criminal defendant awaiting trial may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1126-27 (1973). Holmes does not satisfy the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies for his current charges before seeking relief in federal court.

A Texas criminal defendant awaiting trial may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. §§ 11.08, 11.09. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

Public records reflect that Holmes has not sought habeas relief in the Texas Court of Criminal Appeals to exhaust available state court remedies, and his case must be dismissed for this additional reason.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus is **DISMISSED** as frivolous.
2. Because reasonable jurists would not dispute whether the procedural ruling in this case was correct, a certificate of appealability is **DENIED**.
3. All other motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED this ___6th___ day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE